IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PHYLLIS GREGG, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-08-223-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act filed October 23, 2009 (Docket Entry #22). Plaintiff seeks an award of $7,868.80 in fees for her counsel as a result of the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) in this Court. Defendant objects to the fee requested, asserting it is excessive because the typical number of hours expended in a Social Security representation is between 30 and 40 hours and counsel in this case is requesting compensation for 44.5 hours. Plaintiff states his counsel has adequately explained that this was a lengthy and complex case with voluminous medical records, warranting the extra time.

Necessarily, time will be expended in the preparation of the case for filing, including the drafting of the complaint and a reasonable amount of time in developing the theory of the case. Cameron v. Barnhart, 2002 WL 31079435, 3 (10th Cir. (Okla.)). This Court has reviewed the time expended by Plaintiff's counsel in this regard and find it to be reasonably and, thus, compensable.

Plaintiff's counsel expended a total amount of 44.5 hours in the preparation and presentation of this case, resulting in a successful reversal and remand. The time expended in this case giving rise to the requested fees is not substantially different from other cases for which fees have been awarded involving like issues and a successful result. This Court will not routinely engage in a hindsight review of an attorney's allocation of time to a given work product, so long as the overall time for which compensation is sought is reasonable. In this case, Plaintiff's counsel's request falls within the parameters of reasonableness and will be allowed.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #22) is hereby **GRANTED**. Plaintiff is awarded total fees in the amount of $7,868.80 and costs in the amount of $366.47. Given the pronouncement by the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b) In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 407(b)(1), he shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 4th day of October, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE